### ROMAN v. GREAT AMERICAN INDEMNITY CO.
#### Civ. No. 5127.

United States District Court
D. Puerto Rico. San Juan Division.
May 11, 1949.

David Curet Cuevas, of San Juan, Puerto Rico, for plaintiff.

Francis & Ydrach, of San Juan, Puerto Rico, for defendant.

CHAVEZ, District Judge.

The Court is going to overrule the objection of the plaintiff to the evidence tending to prove that Juan Roman Vargas failed to pay the premium prior to the death of the insured. This evidence is admitted under Federal Rules of Civil Procedure, rule 12(b), 28 U.S.C.A., and the Court is going to consider and treat the first defense of the answer as one for summary judgment. Moore's Federal Practice, Vol. 2, pp. 1698–1699.

The Court takes this position in view of the fact that under the new rules it is left to the discretion of the trial court whether or not to receive matters outside the pleading on motion to dismiss for failure to state a claim. And for the further reason that if the trial judge is disinclined to receive extrinsic matters on the motion to dismiss such matter may be presented to him by labeling the motion as one for summary judgment. The Court takes it for granted that if it was inclined not to receive extrinsic matters on the motion to dismiss that the defendant would immediately file a motion for summary judgment.

The Court in this case may be confronted with a situation wherein there is no genuine issue of material fact as to the matters alleged in the complaint and/or upon defendant's motion which will be treated as a motion for summary judgment. Therefore, the Court directs both counsels' attention to the following:

"If either the proponent of a claim or the defending party moves for a summary judgment, and the court finds that the moving party is not entitled thereto, but that the other party is so entitled, it would seem that the court has the power to enter the proper judgment, although a cross-motion therefor was not made. As the rule does not expressly cover this point a cross-motion for summary judgment would be advisable."

The Court will give the parties 10 days within which to file any further pleadings in the case and thereafter will set this matter down for an early hearing.